1
2
3
4        IN THE UNITED STATES DISTRICT COURT
5        FOR THE DISTRICT OF ARIZONA
6
7    Perry Adron McCullough,            )    No. CIV-10-465-TUC-FRZ (JCG)
                                        )
8              Petitioner,              )    **REPORT & RECOMMENDATION**
                                        )
9    vs.                                )
                                        )
10   Conrad M. Graber, Warden           )
                                        )
11             Respondent.              )
                                        )
12   _____  )
13
14        Pending before the court is a Petition for Writ of Habeas Corpus brought pursuant to
15   Title 28, United States Code, Section 2241.[1] Petitioner, Perry Adron McCullough, is currently
16   confined in the Federal Correction Institution ("FCI") in Safford, Arizona. Petitioner alleges
17   that the Bureau of Prisons ("BOP") failed to include 1,107 days of vested Good Conduct Time
18   in calculating his eligibility date for participation in the Elderly Offender Home Detention Pilot
19   Project. (Petition, Doc. No. 1, at 1.) Pursuant to the Rules of Practice of this Court, this matter
20   was referred to Magistrate Judge Guerin for a Report and Recommendation. Before the Court
21   are the Petition (Doc.1), Respondent's Answer (Doc. 10) and Petitioner's Reply (Doc. 17). For
22   the following reasons, the Magistrate Judge recommends that the Court, after its independent
23   evaluation, deny the Petition for Writ of Habeas Corpus.
24   ///
25   ///
26   _____

27        [1] 28 U.S.C. § 2241 is the federal habeas corpus statute that permits a prisoner to challenge his
28   imprisonment on the ground that he is in custody in violation of the Constitution or laws or treaties of
     the United States. *See generally Peyton v. Rowe*, 391 U.S. 54 (1968).

### Summary of the Case

Petitioner is serving a 380-month sentence for unlawful use of a communication facility, possession with intent to distribute cocaine, and conspiracy to possess with intent to distribute cocaine.  (Answer, Ex. 1, Attachment 2.)  He is projected to be released from prison via Good Conduct Time on January 31, 2017.  (*Id*.)

On April 9, 2008, the Second Chance Act of 2007 ("SCA") was signed into law.  *See* 18 U.S.C. §§ 3621 and 3624. Section 231(g) of the Act created the Elderly and Family Reunification for Certain Non-Violent Offenders Pilot Program ("the Program"), which grants the BOP authority to remove certain elderly offenders from BOP facilities and place them in home detention until the expiration of their prison terms. 42 U.S.C. § 17541(g)(1)(A). One of the conditions for release to home custody is that the prisoner first serve 75% of his or her term of imprisonment. 42 U.S.C. § 17541(g)(5)(A)(ii).

Petitioner first applied for  release to home detention under the Program with the Designation & Sentence Computation Center ("D&SCC") on February 22, 2009. (Petition, pg. 2.) The D&SCC informed Petitioner that he would not be eligible for release until March 9, 2013, when he had served 75% of his sentence. (*Id.*; see also Answer, Ex. 2.)  Petitioner believed that this calculation erroneously excluded his Good Conduct Time, and appealed the decision to the D&SCC Operations Manager.  (*Id.*) The Operations Manager, Mr. Menefee, affirmed the determination that Petitioner would not be eligible for the Program until March 9, 2013. (Petition, pg. 2.)

Petitioner was subsequently transferred to the FCI in Safford, Arizona in April of 2010. (Petition, pg. 2.)  On May 6, 2010, petitioner filed an "Inmate Request to Staff," seeking administrative review of his eligibility for the Program. (Petition, Exh. B.) The Case Manager Coordinator responded on May 26, 2010, informing Petitioner that he would not become eligible for the program until March 9, 2013. (*Id.*) Petitioner then submitted a "Request for Administrative Remedy" on June 23, 2010, with Warden Graber of the Safford FCI. (Answer, Ex. 1, Att. 3.) On July 13, 2010, the Warden told Petitioner that he would not be eligible under the program until March 9, 2013. (*Id.*)  Finally, petitioner filed a "Regional Administrative

1   Remedy Appeal" on July 16, 2010. (*Id.*)  The Regional Office affirmed the decision of the

2   Warden on August 4, 2010. (*Id.*) Petitioner did not pursue any additional administrative

3   remedies.

4          On August 2, 2010, Petitioner filed the pending Petition for Writ of Habeas Corpus.

5                                    **Discussion**

6   **A.    Exhaustion of Administrative Remedies**

7          Respondent contends that Petitioner has failed to exhaust his administrative remedies

8   prior to filing the pending Petition. Respondent concedes that Petitioner exhausted three of the

9   four stages of administrative remedies available to BOP inmates, but argues that the failure to

10   submit a final request to the Office of General Counsel constitutes a failure to exhaust his

11   administrative remedies. In response, Petitioner argues that exhaustion would have been futile.

12          Federal prisoners are generally required to exhaust administrative remedies prior to filing

13   a petition for writ of habeas corpus. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986).

14   However, this requirement is excused where further administrative review would be futile.

15   *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993).   In the present case,

16   Petitioner pursued administrative remedies at the first three steps of the BOP's four-step

17   process.   At each step, the BOP denied Petitioner's request and affirmed its calculation of

18   Petitioner's eligibility.   Accordingly, the Magistrate Judge concludes that it would have been

19   futile for Petitioner to pursue the final stage of administrative review; there is no reason to

20   believe that submitting one more appeal might produce a different result given the BOP's

21   consistent position that Petitioner would become eligible for the Program on March 9, 2013.

22   *See Fraley*, 1 F.3d at 925 (finding further exhaustion futile where "the Regional Director would

23   almost certainly have denied her request as well, citing the same official Bureau of Prisons

24   policy").   Accordingly, the Magistrate recommends that the request to dismiss for failure to

25   exhaust administrative remedies be denied.

26   **B.    Petitioner's Claim**

27          To obtain a writ of habeas corpus, Petitioner must show that "[h]e is in custody in

28   violation of the Constitution or laws or statutes of the United States."  28 U.S.C. § 2241(c)(3).

The petition presents only one claim: that the BOP erroneously considered petitioner ineligible for the Program by failing to include his Good Conduct Time in determining whether he has served the required 75 percent of his term of imprisonment. In response, the government argues that petitioner is not being held in violation of the Constitution or the laws of the United States because the program is discretionary, meaning that petitioner does not have a right to participate in the program, and because he is ineligible to participate in the program.

**C.     The Program is Discretionary**

The government is correct that the program is discretionary, and that Petitioner does not have any right to be released under the program. The Program provides that, "the Attorney General may release some or all eligible elderly offenders from the Bureau of Prisons facility to home detention." 42 U.S.C. § 17541(g)(1)(A).  The term "may," as the government points out, indicates a degree of discretion afforded to the BOP in determining which offenders, if any, to release under the program. The Court therefore lacks the authority to order the immediate release of Petitioner. *See Mangiardi v. Federal Bureau of Prisons*, 2009 WL 4544747, 7 (M.D.Pa.) (dictum). If the Court were to determine that he is eligible for the program, the BOP would still need to determine whether it is appropriate to release petitioner to home detention. *Id.* (dictum).

**D.     Petitioner's Eligibility for the Program**

In order to be eligible for the Program, an offender must have served "the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced." 42 U.S.C. § 17541(g)(5)(A)(ii).  BOP Operations Memorandum 003-2009 was issued by the BOP to provide guidance to BOP staff for administering the pilot program authorized by the SCA at BOP facilities nationwide.  *See Mangiardi*, 2009 WL 4544757 at * 2.  Pursuant to Operations Memorandum 003-2009, the 75 percent calculation takes into account prior custody sentence credit and time spent in service of the sentence after commencement, but does not include Good Conduct Time.  Applying Operations Memorandum 003-2009, Respondent calculated 75 percent of Petitioner's 380 month sentence as 23 years, nine months and one day, resulting in an

eligibility date of March 9, 2013.  Petitioner contends that this calculation was in error because it excluded his Good Conduct Time in violation of the plain language of the Act..

42 U.S.C. § 17541(g)(5)(A)(ii) does not contain a definition for "term of imprisonment," and does not indicate whether that term should include Good Conduct Time.   The Magistrate Judge agrees with the Tenth Circuit's conclusion and reasoning that, under a plan-language analysis, the phrase "term of imprisonment to which the offender was sentenced" in 42 U.S.C. § 17541 unambiguously refers to the term imposed by the sentencing court, and does not include Good Conduct Time. *Izzo v. Wiley*, 620 F.3d 1257, 1260 (10th Cir. 2010).  Petitioner is thus not eligible for the Program until he serves 75 percent of the term of imprisonment to which he was sentenced.  Respondent correctly concluded that Petitioner's eligibility date is March 9, 2013. Accordingly, the Petition should be dismissed.

## Conclusion

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus (Doc. 1).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation.  If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 10-465-TUC-FRZ**.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondent.

DATED this 8th day of February, 2011.

Jennifer C. Guerin
United States Magistrate Judge